IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| CONSTANCE GRANT,          ) | |
|                           ) | |
|     Plaintiff,    ) | |
|                           ) | |
|     v.            ) | 1:11cv1298 (JCC/JFA) |
|                           ) | |
| FED EX HOME DEL.,         ) | |
|                           ) | |
|     Defendant.    ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant FedEx Ground Package System, Inc.'s (improperly pled as "Fed Ex Home Del") Motion to Dismiss [Dkt. 4].  For the following reasons, the Court will grant Defendant's motion.

**I.  Background**

On September 28, 2011, Plaintiff *pro se* Constance Grant filed a Complaint in the Circuit Court of the County of Fairfax Virginia.  (Compl. [Dkt. 1-1] at 5-6.)  Defendant FedEx Ground Package System, Inc. (FedEx) properly removed the case to this Court on December 1, 2011.  [Dkt. 1.]  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a violation of the Equal Pay Act (EPA).

The Complaint contains only a few statements.  It states that Plaintiff was "sex abused" by a FedEx manager on

1

FedEx property, which Plaintiff submits she reported to "H&R." (Compl. at 5-6.)[1] Plaintiff also submits she reported that she was "mistreated" by co-workers to Nicole William and Ms. William's manager. (*Id.*) Plaintiff states that she was on "sick-leave" in 2009 and 2010 and that she took leave because of an "over load of work." (*Id.*) Finally, Plaintiff states that "EPA law says that my was (sic) under pa[id] for being Adm. Ass. three ½ year" and that "was fired after getting disability (PTSD) from being rape[d]." (*Id.*)

On December 8, 2011, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (the Motion). [Dkt. 4.] Plaintiff was given a proper Roseboro notice pursuant to Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). [*See* Dkt. 5.] Plaintiff has failed to file a response.

Defendant's Motion is now before the Court.

## II. Standard of Review

### A. Failure to State a Claim

Rule 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain

---

[1] The Complaint fails to provide consistent labeling, so it is referenced by page number.

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)(citation omitted).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1949-50. Courts may also consider exhibits attached to the complaint. *See United States ex rel. Constructors, Inc. v. Gulf Ins. Co.*, 313 F. Supp. 2d

3

593, 596 (E.D. Va. 2004). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." *Gulf Ins. Co.*, 313 F. Supp. 2d. at 596 (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

B. <u>Pro Se Plaintiff</u>

Complaints filed by *pro se* plaintiffs are construed more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "However inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 U.S. App. LEXIS 22373, at *3 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). While a court is not expected to develop tangential claims from scant assertions in a complaint, if a *pro se* complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims. *Id.* (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985); *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965)).

### III. Analysis

The Equal Pay Act (EPA) prohibits employers from providing unequal pay to an employee because of a person's gender. 29 U.S.C. § 206(d). "In order to establish a prima

4

facie case for a violation of the EPA, a plaintiff must plead sufficient facts to demonstrate '(1) that [her] employer has paid different wages to employees of opposite sexes; (2) that said employees hold jobs that require equal skill, effort and responsibility; and (3) that such jobs are performed under similar working conditions.'" *Ghayyada v. Rector & Visitors of the Univ. of Va.*, No. 3:11-cv-00037, 2011 U.S. Dist. LEXIS 102279, at *18-19 (W.D. Va. Sept. 12, 2011) (citing *Gustin v. W. Va. Univ.*, 63 F. App'x 695, 698 (4th Cir. 2003)). While Plaintiff mentions the "EPA" in her Complaint, Plaintiff fails to submit any facts suggesting that any of the three requirements above are present in this case.

Furthermore, to the extent that Plaintiff's claims can be construed as a wrongful discharge claim, the Complaint again fails to contain sufficient facts to state a claim upon which relief can be granted. "In order to bring an [American with Disabilities Act] wrongful discharge claim, a plaintiff must show that: 1) [s]he was in the protected class; 2) [s]he was discharged; 3) at the time of the discharge, [s]he was performing his job at a level that met his employer's legitimate expectations; and 4) [her] discharge occurred under circumstances that raise a reasonable inference of wrongful discrimination." *Bateman v. Am. Airlines, Inc.*, 614 F. Supp. 2d 660, 669 (E.D. Va. 2009)(citing *Ennis v. Nat'l Ass'n of Bus. &*

*Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995)).  Plaintiff's allegation that she was "fired after getting disability" is insufficient to state an appreciable claim under the American with Disabilities Act.

### IV. Conclusion

For these reasons, the Court will grant the Defendant's motions to dismiss.

An appropriate Order will issue.

|  |  |
|---|---|
| January 24, 2012 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |